### John Breen *vs.* Quincy A. Seward.

Upon a suit in equity to redeem land from a mortgage given to secure negotiable promissory notes, brought against one to whom the notes were indorsed and the mortgage delivered before the notes became due, but to whom the mortgage was not assigned until afterwards, the plaintiff cannot set off against the defendant claims upon the mortgagee, acquired by the plaintiff after such indorsement and delivery, and before maturity of the notes or assignment of the mortgage.

Dewey, J. This is a bill in equity to redeem certain lands mortgaged by Patrick Butler to Daniel Wells, to secure the payment of certain notes of hand, to wit, four notes of one hundred dollars each, payable to Wells or order at a future day named, and a note of three hundred dollars, payable to Wells in labor on demand. No question arises as to the latter note, that

not being negotiable, nor transferred by Wells, nor claimed to be exempt from any set-off by the maker. The four negotiable notes were on the day of their date, upon a good consideration, transferred to Daniel W. Alvord, duly indorsed by the payee. At the same time the mortgage was delivered to Alvord to be holden as security for the notes thus transferred, but no written assignment of the same was made. Subsequently, all the right and interest of Wells, the mortgagee, and also of Alvord, in the mortgage, and the interest of Alvord in the four notes, have passed to the defendant, so that he is now the undisputed owner of the four notes so far as anything is due thereon, and is also the holder of the mortgage given to secure them. The only question is upon the claim of the plaintiff to set-off, as against the notes, and in reduction thereof, certain demands that he alleges that Patrick Butler, the mortgagor, had against Wells. Those claims consist of an alleged debt for labor and services performed for Wells before the date of the notes, and of damage for breach of a contract for the use of a certain other parcel of land, which damage has wholly accrued since the making of these notes. As respects the ownership of these notes and the right of the defendant to enforce their collection to their full amount against Butler personally, without any deduction for the claims Butler might have against Wells, no question is made. The notes were negotiable in form, payable at a future day, and indorsed upon good consideration to a *bona fide* holder on the day they were made, and by such indorsee subsequently passed to the defendant, who succeeded to the right of such indorsee. The matter in controversy is whether these notes are to be the basis of a conditional judgment, and to be included to their full amount in computing the sum to be paid by the plaintiff to entitle him to redeem the mortgage.

The ground taken by the plaintiff is that, as to the mortgage, the estate remained in Wells long after the transfer to Alvord of the notes, and did not pass to the defendant until February 6th 1857; and that, in respect to the mortgage, all equitable set-offs that the mortgagor might have had against Wells, at

any time prior to the transfer to the defendant of the legal title in the mortgage, should be considered in estimating the amount due on this mortgage, and deducted from the notes held by the defendant. This is said to be so, because the transfer of the notes secured by the mortgage to Alvord did not draw after it the land, or, in other words, the legal estate in the mortgage remained in Wells, notwithstanding the transfer of the notes and the actual delivery to Alvord of the mortgage at the same time. The cases of *Warden* v. *Adams*, 15 Mass. 233, and *Parsons* v. *Welles*, 17 Mass. 419, are relied upon to sustain the position that no legal estate passes by a mere delivery of a mortgage deed by the mortgagee to a third person without an assignment in writing duly executed. Those cases were actions at law, putting in issue strictly legal titles, and for want of such an assignment the legal estate was held not to pass. But the present case differs materially from those cases, and the defence does not depend upon maintaining that the assignment of the debt will draw the land after it as a consequence. The defendant has in fact succeeded to the legal title, and he might under such title have well maintained an action to foreclose the mortgage, and certainly may well rely upon it as authorizing him to maintain his rights as assignee of the mortgage against the mortgagor or one under him seeking to redeem.

Looking at the rights of these parties irrespectively of the subsequent acquisition of the legal interest in the mortgage by the defendant, it would have been the case of a transfer of the notes secured by the mortgage, without the mortgage title, leaving that in the original mortgagee, who, according to the principles of equity courts, would remain the trustee of those to whom he had assigned the debt, and might be compelled to foreclose the mortgage for their benefit, or to assign it to them. *Crane* v. *March*, 4 Pick. 134. By our recent *St.* of 1857, *c.* 214, giving full equity powers to this court, there would seem to be no difficulty in enforcing such trust, if any doubt existed before. But no occasion exists here for calling such power into exercise, the legal interest of the mortgagee having been transferred to the defendant.

The only question is as to the effect of the delay in making a written assignment of the mortgage to the party to whom the notes were transferred. Does such delay make the notes liable to all those equitable set-offs to which they would have been subject if transferred in the first instance at the date of the execution of the assignment? If it does, the claims of the plaintiff to some extent would properly be urged, as the notes would be overdue notes at that period.

But we cannot adopt this view of the case. The four notes were passed to Alvord by a legal transfer on the day of their execution by the maker, and upon a good consideration, and at the same time the mortgage was delivered to him by the mortgagee as security for the payment of the notes. These notes and this mortgage were held by Alvord during the lifetime of Wells. After his decease, at the request and for the benefit of Alvord, who received the consideration therefor from the defendant, the administrator of Wells, under authority to sell real and personal estate, conveyed by a proper instrument all the legal interest of Wells to the land included in the mortgage, with a formal transfer and assignment of the mortgage itself, to the defendant. Alvord also joined in the deed, the administrator executing the deed on his part for the purpose of transferring a legal estate supposed to remain in his intestate. Thus the entire interest in the notes and mortgage became vested in the defendant. He does not therefore stand in the relation of an equitable mortgagee merely. But that which equity required to be done has been done, and the mortgage originally delivered without a written assignment has since been legally assigned. The further inquiry is as to the effect of such proceedings.

The principles recognized by this court in the case of *Ranger* v. *Cary*, 1 Met. 369, may properly be applied to the present case. That case was an action upon a promissory note, sued by an indorsee who acquired a title to the same for good consideration and by an actual delivery before it had become dishonored, and when no right of set-off as against the payee could have existed, but the note was not actually indorsed

by the payee until a period subsequent to its maturity; and it was contended that the legal title of the note was in the payee until the actual indorsement of the same, and that the maker's right of set-off was to be decided in reference to the period of the actual indorsement; but the court held otherwise, and excluded all claims for set-off against the payee, arising after the time of the actual delivery of the note to the plaintiff, holding that the legal title by indorsement, when obtained, related back to the time of the actual delivery of the note. And we think in the present case the purchaser of the notes, having at the same time taken a delivery of the mortgage given by the maker to secure the same, acquired thereby an interest which might be enforced through the mortgagee as holding the same for his benefit, and that his subsequent acquisition of the legal title by a proper instrument in writing leaves him in the enjoyment of the same rights that were before to be enforced through another as holding the mortgage in trust for the security of the notes.

The court are of opinion that, upon the facts stated, the defendant has established his right to the benefit of the mortgage security to the same extent he would be entitled to recover on the notes themselves; and these having been negotiated before they became due and payable, no set-off against the same can be allowed by reason of any demand the maker may have had against Wells on other contracts and liabilities accruing before or since the date of the notes.

*Decree accordingly.*

*W. Griswold,* for the plaintiff.
*D. W. Alvord,* for the defendant.